UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN    DIVISION at    COLUMBUS

| | | |
|---|---|---|
| In re    Steven L. Hartsock<br>Michelle L. Hartsock | )<br>)<br>)<br>) | Case No.    17-55803<br><br>Chapter 13<br><br>Judge    Charles M. Caldwell |
| Debtor(s) | | |

## CHAPTER 13 PLAN

**1. NOTICES**

This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).
☐ Debtor _____ is **not eligible** for a discharge.
☐ Joint Debtor _____ is **not eligible** for a discharge.

☐ **Initial Plan**
☒ **Amended Plan**  The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee and all adversely affected parties. If the Amended Plan adversely affect any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. LBR 3015-2(a). Any changes (additions or deletions) from the previously filed Plan or Amended must be clearly reflected in bold, italics, strike-through or otherwise in the Amended Plan filed with the Court.

If an item is not checked, the provision will be ineffective if set out later in the Plan.
☒ **This Plan contains nonstandard provisions in Paragraph 13.**
☒ **This Plan limits the amount of a secured claim based on a valuation of the collateral securing the claim. See Paragraph(s) 5.1.2 and/or 5.1.4.**
☐ **This Plan avoids a security interest or lien. See Paragraph(s) 5.4.1 and/or 5.4.2.**

**NOTICES TO CREDITORS:** You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions). Upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. Unless otherwise ordered by the Court, the confirmation hearing in this case shall include a valuation hearing under § 506 and Rule 3012. The Court may confirm this Plan if no objection to confirmation is filed within fourteen (14) days after the § 341 Meeting of Creditors is concluded or, if this is an Amended Plan, objections must be filed by the deadline in the twenty-one (21) day notice. LBR 3015-3 and 3015-2.

**2. PLAN PAYMENT AND LENGTH**

**2.1 Plan Payment.**  The Debtor shall pay to the Trustee the amount of $ _____ per month. [Enter step payments below, if any.] The Debtor shall commence payments within thirty (30) days of the petition date.

**2.1.1 Step Payments, if any:** The Debtor shall pay to the trustee the amount of $1,650 per month for 6 months then Debtor shall pay to the Trustee $2,040.00 per month for a

**2.2 Unsecured Percentage.**

☒ **Percentage Plan.**  Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of   100   % on each allowed nonpriority unsecured claim.

☐ **Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is $ _____ . Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than _____ %. LBR 3015-1(c)(2).

**2.3 Means Test Determination.**

☐ **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

☒ **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the Plan must be sixty (60) months.

**3. PRE-CONFIRMATION LEASE PAYMENTS AND/OR ADEQUATE PROTECTION PAYMENTS**

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

| Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount | |
|---|---|---|---|
| Stewart Auto Group | 2006 Ford F150 | 50.00 | |

**4. VALUATION OF REAL PROPERTY**

Unless otherwise stipulated by the parties or ordered by the Court, real property shall be valued at the amount set forth in the filed appraisal. If no objection is timely filed, the value of the real property set forth in the filed appraisal will be binding upon confirmation of the Plan. If a creditor files a timely objection to valuation of real property pursuant to LBR 3015-3(a), the confirmation hearing shall include a valuation hearing under § 506 and Rule 3012, unless otherwise ordered by the Court.

**5. PAYMENTS TO CREDITORS**

SUMMARY OF PAYMENTS BY CLASS

| **Class** | **Definition** | **Payment/Distribution by Trustee** |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims |
| Class 5 | Claims Paid by a Non-Filing Co-Debtor or Third Party | Not applicable |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient.

**5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS**

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

**5.1.1 Maintenance of Regular Mortgage Payments**

Regular mortgage payments shall be calculated for payment starting the month after the filing of the petition. Arrearages shall be paid as Class 2 claims.

**Trustee disburse**.

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount |
|---|---|---|---|
| Ditech Financial LLC | 1882 Blacklick Road NW Baltimore, OH 43105 | Y | $1,006.83 |

**Debtor direct pay**. Unless otherwise ordered by the Court, regular monthly mortgage payments may only be paid directly by the Debtor if the mortgage is current as of the petition date. LBR 3015-1(e)(1).

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount |
|---|---|---|---|
|  |  |  |  |

**5.1.2 Modified Mortgages and/or Liens Secured by Real Property ["Cramdown/Real Property"]**

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the plan is due. 11 U.S.C. §§ 1322(b)(2), (c)(2). To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim.

| Name of Creditor | Property Address | Value of Property and Appraisal | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
|  |  | $ _____ <br> ☐ Appraisal Filed <br> ☐ Appraisal forthcoming |  |  |

### 5.1.3 Claims Secured by Personal Property for Which § 506 Valuation is Not Applicable ["910 Claims/Personal Property"]

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

| Name of Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

### 5.1.4 Claims Secured by Personal Property for Which § 506 Valuation is Applicable ["Cramdown/Personal Property"]

The following claims are secured by personal property not described above in Paragraph 5.1.3. Unless otherwise stipulated by the parties or ordered by the Court, the property shall be valued for purposes of § 506 at the lower of the creditor's representation on its proof of claim or the Debtor's representation below. LBR 3012-1(a). To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. If a creditor files a timely objection to the valuation of the property, the confirmation hearing shall include a valuation hearing under § 506 and Rule 3012 unless otherwise ordered by the Court.

| Name of Creditor | Property Description | Purchase/Transaction Date | Value of Property | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|
| Stewart Auto Group | 2006 Ford Pickup Truck | 1/8/2014 | $5,000.00 | 5.00% | 100.00 | |

### 5.1.5 Domestic Support Obligations (On-Going) - Priority Claims under § 507(a)(1)

If neither box is checked, then presumed to be none.

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee.

| Name of Holder | State Child Support Enforcement Agency, if any | Monthly Payment Amount | |
|---|---|---|---|
|  |  |  |  |

### 5.1.6 Executory Contracts and/or Unexpired Leases

**The Debtor rejects** the following executory contracts and/or unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:**
> A proof of claim for rejection damages must be filed by the creditor within sixty (60) days from the date of confirmation of the Plan. Rule 3002(c)(4). Such claim shall be treated as a Class 4 nonpriority unsecured claim.

| Name of Creditor | Property Description |
|---|---|
|  |  |

**The Debtor assumes** the following executory contracts and/or unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(d)(2). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract and/or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Debtor direct pay.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### 5.1.7 Administrative Claims

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount |
|---|---|---|---|
| Sheppard Law Offices | $3,500 | $2,000 | 100.00 |

## 5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)

### 5.2.1 Secured Claims with No Designated Monthly Payments

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims.

| Name of Creditor | Estimated Amount of Claim |
|---|---|
| Ditech Financial LLC | $16,290.26 |

### 5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

| Name of Holder | State Child Support Enforcement Agency, if any | Estimated Arrearage |
|---|---|---|
|  |  |  |

## 5.3 CLASS 3 - PRIORITY CLAIMS

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

## 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be avoided. The Debtor shall file a motion for any mortgage/lien to be avoided. The motion shall be filed on or before the § 341 meeting of creditors and shall be served pursuant to Rule 7004. The confirmation hearing may be rescheduled if a timely motion is not filed. Optional form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| Name of Creditor | Amount of Wholly Unsecured Mortgage/Lien | Property Address | Value of Property and Appraisal | Total Amount of SENIOR Mortgage/Liens |
|---|---|---|---|---|
|  |  |  | $ <br> ☐ Appraisal Filed <br> ☐ Appraisal forthcoming |  |

### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). The Debtor shall file a motion for any judicial lien to be avoided. The motion shall be filed on or before the § 341 meeting of creditors and shall be served pursuant to Rule 7004. The confirmation hearing may be rescheduled if a timely motion is not filed. Notwithstanding the foregoing, if a judicial lien is discovered after confirmation of the plan, a motion to avoid the judicial lien may be filed promptly after the judicial lien is discovered. Optional form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| Name of Creditor | Amount of Judicial Lien | Property Address | Value of Property and Appraisal | Amount of Exemption | Total Amount of all OTHER Liens | Amount of Judicial Lien to be Avoided | |
|---|---|---|---|---|---|---|---|
| | | | $ _____ <br> ☐ Appraisal Filed <br> ☐ Appraisal forthcoming | | | | |

### 5.4.3 Mortgages to be Avoided Under 11 U.S.C. § 544

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

| Name of Creditor | Action to be Filed By | Address of Property | |
|---|---|---|---|
| | ☐ Debtor <br> ☐ Trustee | | |

### 5.5 CLASS 5 - CLAIMS PAID BY A NON-FILING CO-DEBTOR OR THIRD PARTY

The following claims shall not be paid by the Trustee or the Debtor but shall be paid by a non-filing co-debtor or third party.

| Name of Creditor | Name of Payor | |
|---|---|---|
| | | |

### 5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR

The following claims shall not be paid by the Trustee but shall be paid directly by the Debtor.

| Name of Creditor | Monthly Payment Amount | |
|---|---|---|
| | | |

**6. SURRENDER OF PROPERTY**

The Debtor elects to surrender the following property to the creditor that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) shall be terminated as to the surrendered property only.

| | Name of Creditor | Description of Property | |
|---|---|---|---|
| | | | |

**7. INTEREST RATE**

Unless otherwise stipulated by the parties, ordered by the Court or provided for in this Plan and except for claims treated in paragraph 5.1.1, secured claims shall be paid interest at the annual percentage rate of __5__ % based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at _____ % from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

**8. FEDERAL INCOME TAX RETURNS AND REFUNDS**

**8.1 Federal Income Tax Returns**

If requested by the Trustee, the Debtor shall provide the Trustee with a copy of each federal income tax return filed during the Plan term by April 30 of each year.

**8.2 Federal Income Tax Refunds**

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and/or additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and shall turnover any balance in excess of such amount to the Trustee. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

**9. OTHER DUTIES OF THE DEBTOR**

**9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments**

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

**9.2 Personal Injury, Workers Compensation, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Amount**

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of money or property regarding personal injury, workers compensation, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications and/or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

### 9.3 Social Security

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of social security funds.

### 10. INSURANCE

#### 10.1 Insurance Information

As of the petition date, the Debtor's real and/or property is insured as follows.

| Property Address/Description | Insurance Company | Policy Number | Full/Liability | Agent Name/Contact Information |
|---|---|---|---|---|
| 1882 Blacklick Road NW Baltimore, OH 43105 | State Farm | | Full | |
| 2006 Ford F150 | State Farm | | Full | |

#### 10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

### 11. EFFECTIVE DATE OF THE PLAN

The effective date of the Plan is the date on which the order confirming the Plan is entered.

### 12. VESTING OF PROPERTY OF THE ESTATE

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

☐ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b) and (c).
☐ Other _____

### 13. NONSTANDARD PROVISIONS

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

| Nonstandard Provisions |
|---|
| Debtors shall make plan payments in the amount set forth in this Plan for no less than the applicable commitment period, but not to exceed 60 months. The dividend to be paid to unsecured creditors shall be no less than the dividend set forth on page one of the Plan. |
| Debtor's attorney voluntarily defers payment from the Trustee until February 1, 2018 to ensure the filing fee has been paid in full. |

By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

Debtor's Attorney

/s/   Kenneth L. Sheppard, Jr.

Date: 03/08/18

Debtor                                                          Joint Debtor

/s/   Steven L. Hartsock                                        /s/   Michelle L. Hartsock

Date: 03/08/18                                                  Date: 03/08/18

## NOTICE OF AMENDED CHAPTER 13 PLAN

The Debtor has filed an Amended Plan.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief sought in the Amended Plan, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the Amended Plan**, you must file with the Court an objection to confirmation explaining your position by mailing your objection by ordinary U.S. Mail to: Clerk, U.S. Bankruptcy Court, 170 North High Street, Columbus OH 43215

OR your attorney must file an objection using the Court's ECF System.

The Court must receive your objection on or before the above date.

You must also send a copy of your objection by ordinary U.S. Mail to:

Kenneth L. Sheppard, Jr., 3535 Fishinger Blvd. Suite 190, Hilliard, OH 43026

If you or your attorney do not takes these steps, the Court may decide that you do not oppose the Amended Plan and may enter an order confirming the Amended Plan without further hearing or notice.

### Certificate of Service

I hereby certify that a copy of the foregoing Plan was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the Court and (ii) by **ordinary U.S. Mail** on Mar 8, 2018 addressed to:

See attached mailing matrix

/s/ Kenneth L. Sheppard, Jr.
(Name)